```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
VIROPRO, INC., individually and         :     15cv6235(DLC)
derivatively on behalf of Alpha         :
Biologics Sdn Bhd,                      :     MEMORANDUM OPINION
                                        :          AND ORDER
                  Plaintiff,            :
                                        :
         -v-                            :
                                        :
PRICEWATERHOUSECOOPERS ADVISORY         :
SERVICES SDN BHD,                       :
                  Defendant.            :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

    This case arises out of a dispute over the actions that PricewaterhouseCoopers Advisory Services Sdn Bhd ("PwC") took in its role as receiver and manager of Alpha Biologics Sdn Bhd ("Alpha"). Viropro, Inc. ("Viropro") is Alpha's owner. According to the complaint, one of Alpha's creditors, Bank Pembangunan Malaysia Berhad ("BPMB"), appointed PwC as Alpha's receiver and manager under a loan agreement between the bank and Alpha. The complaint accuses PwC of breaching its fiduciary duties to Alpha and Viropro when it liquidated Alpha's assets and mismanaged the corporation.

    On August 7, 2015, PwC filed a notice of removal from the New York Supreme Court, New York County, under 28 U.S.C. §§ 1332, 1441, and 1446. On the same day, PwC filed a motion to realign derivative plaintiff Alpha as a defendant in this action. Aligning Alpha as a defendant would create alienage jurisdiction

under 28 U.S.C. § 1332(a)(2).[1]

Realignment of the parties is governed by the "collision of interests" test.  <u>Maryland Cas. Co. v. W.R. Grace & Co.</u>, 23 F.3d 617, 622 (2d Cir. 1993) <u>amended</u> (May 16, 1994).  This test "requires realignment of parties according to their real interests so as to produce an actual collision of interests."  <u>Id</u>. (citation omitted).  Realignment is "a practical not a mechanical determination and is resolved by the pleadings and the nature of the dispute."  <u>Lewis v. Odell</u>, 503 F.2d 445, 446-47 (2d Cir. 1974) (citation omitted).  In applying the test, the Court "examine[s] the realities of the record to discover the real interests of the parties."  <u>Maryland Cas. Co.</u>, 23 F.3d at 623 (citation omitted).

According to the complaint, Alpha is under PwC's management and control.  Neither Viropro nor Alpha's board has been able to act on Alpha's behalf in protecting its assets from PwC.  PwC's control over Alpha effectively renders Alpha adverse to Viropro's interests as its creditor and parent.  There is "antagonism between the stockholder and the management . . . whenever the management is aligned against the stockholder and defends a course of conduct which he attacks."  <u>Smith v. Sperling</u>, 354 U.S. 91, 95 (1957).  The complaint shows that demands for PwC to

---

[1] Viropro is incorporated in Nevada with its principal place of business in California.  Alpha and PwC are both incorporated in Malaysia and have their principal places of business there.  The amount in controversy is at least $30,000,000.

change its course have been futile. See id. at 97 ("Whenever the management refuses to take action to undo a business transaction . . . antagonism is evident."). That PwC is a receiver (rather than a director or officer) does not negate the fact that it presently asserts complete control over Alpha. Thus, "the corporation has become through its managers hostile," id., and PwC's interests are effectively aligned with Alpha's. These interests are antagonistic to Viropro's interests as creditor and owner of Alpha.

Viropro argues that, because Alpha is its subsidiary, its interest cannot be adverse to Alpha's as a matter of law. It further asserts that PwC's conduct occurred before the complaint was filed, meaning that there is currently no antagonism between Viropro and Alpha. These arguments are unavailing because, as discussed above, according to the complaint PwC currently controls Alpha such that neither Viropro nor Alpha's board can act. This control, and continued alleged violations of PwC's fiduciary duties to Alpha, create a current and real collision of interests between Viropro and Alpha.

## **Conclusion**

PwC's August 7, 2015 motion to realign Alpha as a defendant in this action is granted.

Dated:   New York, New York
         September 30, 2015

```
                              _____
                                    DENISE COTE
                              United States District Judge
```