```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
VIROPRO, INC., individually and          :      15cv6235(DLC)
derivatively on behalf of Alpha          :
Biologics Sdn Bhd,                       :      OPINION AND ORDER
                                         :
                    Plaintiff,           :
                                         :
          -v-                            :
                                         :
PRICEWATERHOUSECOOPERS ADVISORY          :
SERVICES SDN BHD,                        :
                    Defendant.           :
                                         :
---------------------------------------- X
```

APPEARANCES:

For the plaintiff:
Richard Bernard Brosnick
Steven Mark Cordero
Akerman LLP
666 Fifth Avenue 20th Floor
New York, NY 10103

For the defendants:

Samira Shah
Antony L. Ryan
Thomas G. Rafferty
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019

DENISE COTE, District Judge:

    This dispute arises out of actions that the defendant PricewaterhouseCoopers Advisory Services Sdn Bhd ("PwC") took as the receiver over Alpha Biologics Sdn Bhd ("Alpha"). Alpha is a wholly-owned subsidiary of plaintiff Viropro, Inc. ("Viropro").

1

PwC allegedly breached its fiduciary duties when it took over Alpha and liquidated the company.  For the reasons that follow, the motion to dismiss is granted because this Court does not have personal jurisdiction over PwC.

## Background

These facts are taken from the complaint or documents integral to it.  Viropro is a biotechnology company incorporated in Nevada with its principal place of business in California.  From July 2011 through September 2014, Viropro operated primarily through Alpha, its Malaysian subsidiary, which it acquired in 2011.  Viropro is a creditor of Alpha in addition to being its owner.

Between 2006 and 2009, Alpha had obtained loans from Bank Pembangunan Malaysia Berhad ("BPMB").  Pursuant to the loan agreements, in September 2014, BPMB unilaterally appointed PwC, through PwC's partner Lim San Peen ("Lim"), as a receiver and manager of Alpha.[1]  PwC is a corporation organized under the laws

---

[1] There is a factual dispute between the parties about whether PwC should be considered as Alpha's receiver and manager.  PwC contends that Lim served as Alpha's receiver in his individual capacity and PwC provided him only with administrative support, while Viropro argues that PwC was the receiver over Alpha because it was Lim's employer.  PwC agreed to accept Viropro's allegation that it was Alpha's receiver as true for the purposes of this motion to dismiss but reserved the right to dispute that fact later in this litigation.  Taking the complaint as true, PwC was the receiver and manager of Alpha through Lim, its employee.

2

of Malaysia with its principal place of business there. According to Viropro, PwC exceeded its authority as receiver and liquidated Alpha, wasting its assets and leaving it worthless.[2] The liquidation harmed Viropro both as Alpha's owner and its creditor.  On the basis of these events, Viropro brings four causes of action: (1) breach of fiduciary duty; (2) negligence; (3) unjust enrichment; and (4) accounting.

   Viropro alleges several specific facts in support of personal jurisdiction over the defendants.  Viropro itself has a substantial connection to New York.  One of its three directors resides here and conducts business in New York, including business that is associated with Alpha's operations.  Moreover, Viropro's former Chief Operating Officer resides in New York, and the former officer has exclusive knowledge of the business relationship between Viropro and Alpha.  That officer worked at Viropro during the period in which this cause of action arose.

   Viropro claims that Alpha is subject to personal jurisdiction in New York because it was an integral part of Viropro's business, and Viropro itself is subject to personal jurisdiction here.  Viropro alleges that PwC, in turn, is subject to personal jurisdiction in New York based on acting as

---

[2] The loan agreements allow a receiver to take possession of the collateral (Alpha's assets) and sell it off in the receiver's absolute discretion, among other things.

Alpha's receiver when it liquidated Alpha's estate.  Moreover, PwC's online corporate profile indicates that it is part of a network that extends over 158 countries.  Viropro further claims, on information and belief, that PwC is part of the larger network of PricewaterhouseCoopers LLP that has its principal place of business in New York.  More specifically, employees of PwC allegedly represented that they were part of the larger global corporate network.

Viropro's complaint was originally filed in the New York Supreme Court on July 6, 2015.  Alpha was named as an individual and derivative plaintiff in the state court action.  PwC removed the case to this Court on August 7.  Along with the notice of removal, PwC moved to have Alpha realigned as a defendant in the case; such realignment was required for diversity jurisdiction.  On September 30, the motion for realignment was granted because PwC was in total control of Alpha as its receiver.  <u>Viropro, Inc. v. PricewaterhouseCoopers Advisory Servs. Sdn Bhd</u>, No. 15cv6235 (DLC), 2015 WL 5751367 (S.D.N.Y. Sept. 30, 2015).  This control rendered Alpha's interest effectively aligned with PwC's in this action.

On October 7, the defendants moved to dismiss the complaint.  Viropro responded by filing an amended complaint on October 30.  On November 13, the defendants again moved to

dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim.  The motion became fully submitted on December 11.

### **Discussion**

When deciding a motion to dismiss under Rule 12(b), Fed. R. Civ. P., a court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471, 475 (2d Cir. 2009).  "To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts which, taken as true, state a plausible claim for relief."  Keiler v. Harlequin Enters. Ltd., 751 F.3d 64, 68 (2d Cir. 2014); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE, 763 F.3d 198, 208 (2d Cir. 2014) (citation omitted).

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists."  Licci v. Lebanese Canadian

Bank, SAL, 732 F.3d 161, 167 (2d Cir. 2013) (citation omitted) ("Licci II"). In evaluating whether this standard is met, the pleadings and any supporting materials are construed in the light most favorable to the plaintiff. Id. "This showing may be made through the plaintiff's own affidavits and supporting materials, containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 138 (2d Cir. 2010) (citation omitted). On the other hand, a court "will not draw argumentative inferences in the plaintiff's favor." In re Terrorist Attacks on September 11, 2001, 538 F.3d 71, 93 (2d Cir. 2008) (citation omitted). Furthermore, a plaintiff may not rely on conclusory statements without any supporting facts, as such allegations would "lack the factual specificity necessary to confer jurisdiction." Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 185 (2d Cir. 1998).

### I. General Personal Jurisdiction

Viropro alleges that PwC is subject to general personal jurisdiction in New York under CPLR § 301. For general personal jurisdiction to exist under § 301, a company must have "engaged in such a continuous and systematic course of doing business in New York that a finding of its presence in New York is

warranted." Sonera Holding B.V. v. Cukurova Holding A.S., 750 F.3d 221, 224 (2d Cir. 2014) (citation omitted). Moreover, to satisfy constitutional due process, a foreign corporation's "in-forum contacts" must be such that the corporation's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014). Because the "essentially at home test" is a constitutional requirement, it applies to cases where general jurisdiction is alleged under CPLR § 301. Sonera, 750 F.3d at 224-25.

PwC is not subject to general personal jurisdiction in New York. It is incorporated in Malaysia and has its principal place of business there. Lim similarly resides in Malaysia and conducts business there. There has been no showing that PwC has any substantial contact with New York, let alone contacts that would render it essentially at home here.

Viropro's arguments to the contrary are unavailing. Viropro primarily argues that PwC Malaysia held itself out as part of the global PricewaterhouseCoopers network. In support of this contention, Viropro claims that PwC's website advertises that it is part of the global network and that it can be "wherever" a client "need[s] [it] to be," including 158 different countries. Moreover, staff at PwC gave presentations

7

and used email addresses that identified themselves as part of the larger PricewaterhouseCoopers network.  According to Viropro, this is sufficient to make out a prima facie case of general jurisdiction prior to discovery.  Viropro is incorrect.  These allegations, even if true, would not come close to satisfying the "essentially at home" test.  It is not sufficient to allege that there may have been a connection between PwC and the larger corporate network that operates in New York and elsewhere.  There is nothing in the complaint to suggest that PwC had sufficiently systematic and continuous contacts in New York to render it essentially at home here, nor has Viropro made a threshold showing that would entitle it to jurisdictional discovery on this point.[3]

## II.  Specific Personal Jurisdiction

There are two steps to analyzing specific personal jurisdiction:

> To determine personal jurisdiction over a non-domiciliary . . . [courts] first apply the forum state's long-arm statute.  If the long-arm statute permits personal jurisdiction, [courts] analyze whether personal jurisdiction comports with due process protections established under the Constitution.

---

[3] Although Viropro continues to argue that it should get jurisdictional discovery on the issue of general personal jurisdiction, this request was already denied on the record during a teleconference on December 1, 2015.

Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 168 (2d Cir. 2015) (citation omitted); MacDermid, Inc. v. Deiter, 702 F.3d 725 (2d Cir. 2012) (using this two-step analysis in a diversity case).

### a. New York's Long-Arm Statute

Viropro argues that there is specific personal jurisdiction over PwC because it transacts business in New York. CPLR § 302(a) provides that: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent" satisfies at least one of three tests. CPLR § 302(a). One of these three grounds for specific personal jurisdiction is: (1) "transact[ing] any business within the state." CPLR § 302(a)(1).

To determine whether jurisdiction exists under § 302(a)(1), "a court must decide (1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action arises from such a business transaction." Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007) (citation omitted). "[S]ection 302 is a single act statute and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York,

9

so long as the defendant's activities were purposeful and there is a substantial relationship between the transaction and the claim asserted." Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 170 (2d Cir. 2010) (citation omitted). "New York decisions, at least in their rhetoric, tend to conflate the long-arm statutory and constitutional analyses by focusing on . . . whether the defendant's conduct constitutes 'purposeful availment.'" Id. at 169 (citation omitted); see Paterno v. Laser Spine Inst., 973 N.Y.S.2d 681, 685 (2d Dep't 2013), aff'd, 24 N.Y.3d 370 (2014). "Although it is impossible to precisely fix those acts that constitute a transaction of business . . . it is the quality of the defendants' New York contacts that is the primary consideration." Fischbarg v. Doucet, 9 N.Y.3d 375, 380 (2007).

A suit arises out of a transaction in New York "if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 66 (2d Cir. 2012) ("Licci I") (citation omitted). There is "no bright-line test for determining whether the 'nexus' is present in a particular case." Id. at 67. Rather, the "inquiry is a fact-specific one." Id. (citation omitted).

PwC is not subject to personal jurisdiction in New York under CPLR § 302(a)(1).  The complaint does not allege any purposeful acts by which PwC availed itself of doing business in New York.  PwC's operations with respect to Alpha were confined to Malaysia.  The complaint has not made a prima facie showing that any acts related to PwC's receivership over Alpha were directed towards New York.  Both Lim and PwC liquidated Alpha in Malaysia and did so pursuant to Malaysian loan contracts.

Viropro's arguments favoring jurisdiction fail to persuade. Viropro has two primary theories supporting specific personal jurisdiction: (1) that Alpha is subject to personal jurisdiction as a department of Viropro, thereby rendering PwC subject to jurisdiction here as Alpha's receiver and manager; and (2) PwC communicated with Bruce Cohen ("Cohen"), the Chairman of Viropro's Board of Directors, while Cohen was in New York. Neither of these arguments is sufficient to satisfy CPLR § 302(a)(1).

First, even assuming Alpha is a department of Viropro, PwC's status as Alpha's receiver does not mean that it automatically may be sued here.  Viropro is incorporated in Nevada and has its principal place of business in California. Although it was licensed to do business in New York and has substantial contacts here, PwC's dealings with Viropro and Alpha

11

took place in Malaysia after BPMB appointed it as Alpha's receiver.

Viropro cites several cases that it argues stand for the proposition that when a person or entity acts as a receiver over an estate that is subject to personal jurisdiction in New York, the receiver himself is subject to personal jurisdiction here despite residing elsewhere.  The cases that Viropro cites, however, do not address the facts at hand.  For example, in Gleason v. Town of Clifton Park Planning Bd., 933 N.Y.S.2d 919 (3d Dep't 2011), the court held that an estate's trustee was subject to personal jurisdiction in New York where she was the titled owner of real property located in New York.  CPLR § 302(a)(4) governs jurisdiction over real property and trustees thereof; the case does not address the transaction of business test under CPLR § 302(a)(1).  Similarly, the other cases that Viropro cites concern instances where a non-domiciliary who administered an estate was subject to personal jurisdiction because the very acts by which the estate was administered were connected to New York.  See, e.g., In re Deyette, 847 N.Y.S.2d 901 (Sup. Ct. 2007) (out-of-state trustee transacted the business of a New York trust).[4]  The receivership property here

---

[4] To the extent that Viropro is drawing a comparison between PwC as Alpha's receiver and the executor of a decedent's estate, that analogy also fails because Alpha's contacts are the

12

did not have any connection to New York that might permit an inference that PwC's conduct was purposefully directed at this forum.

This analysis is apart from the more fundamental principle that it is the <u>defendant's</u> actions in transacting business in the forum state that allow it to be subject to suit there, not the plaintiff's. Viropro's arguments that its own contacts with New York are sufficient to render PwC subject to jurisdiction wherever Viropro operates would upend that foundational doctrine. Simply put, PwC did not transact business in New York when it acted as a receiver over Alpha, a Malaysian entity, where PwC was appointed as a receiver pursuant to Malaysian loan contract and where Alpha's property and assets were liquidated in Malaysia.

Second, Viropro's allegation that PwC communicated with Cohen and other Viropro employees while they were in New York does not satisfy CPLR § 302(a)(1). It is true that, in some circumstances, New York courts have found that "using electronic and telephonic means to project [oneself] into New York to

---

relevant way to measure PwC's connection to New York, not Viropro's. <u>See</u> <u>In re Einstoss' Estate</u>, 26 N.Y.2d 181, 191 (1970) (finding that "a court could exercise jurisdiction over a foreign executor or administrator in suits arising out of the conduct of the <u>decedent</u> within the State" (emphasis added)).

13

conduct business transactions" is enough to satisfy the long-arm statute.  Deutsche Bank Sec., Inc. v. Montana Bd. of Investments, 7 N.Y.3d 65, 71 (2006).  Those communications from afar, however, must constitute "volitional acts" by which the defendant "avail[ed] itself of the privilege of conducting activities within the forum state."  C. Mahendra (N.Y.), LLC v. Nat'l Gold & Diamond Ctr., Inc., 3 N.Y.S.3d 27, 30 (1st Dep't 2015) (citation omitted).  According to the complaint, Cohen resided in California during the relevant period.  Thus, it is unclear how PwC happened to communicate with him while he was in New York, but what is clear is that Viropro has not made any allegations that PwC took an intentional act by which it transacted business in New York that was related to its receivership over Alpha.  Moreover, even if PwC knew that Cohen was in New York when they communicated, that communication would not be enough to constitute a transaction of business in New York.  See id. (generally, "telephone communications [are] insufficient for finding purposeful activity conferring personal jurisdiction," but there are exceptions for telephone communications of sufficient "quality" to constitute purposeful availment); Paterno v. Laser Spine Inst., 24 N.Y.3d 370, 378 (2014) (high volume of emails was insufficient to establish personal jurisdiction because it is the quality of the contacts

14

with New York that matters, not the quantity).  Viropro has not made any showing that the single communication between PwC and Cohen or other communications of unspecified type or number between PwC and Viropro employees in New York constituted purposeful availment of New York as a location for transacting the business from which the claims in this lawsuit arise.

### b. Due Process Clause

Exercise of jurisdiction over the defendants would also violate the requirements of the Due Process Clause.  To establish personal jurisdiction over a defendant, due process requires a plaintiff to allege "(1) that a defendant has 'certain minimum contacts' with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances."  Eades, 799 F.3d at 168-69 (citation omitted).  Minimum contacts necessary to support specific personal jurisdiction "exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there," and the commission of "some single or occasional acts" may be enough.  Id. at 169 (citation omitted).

If there are minimum contacts, the defendant must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."  Id. (citation

15

omitted).  Factors in determining whether exercising jurisdiction is reasonable include:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

Id. (citation omitted); MacDermid, Inc., 702 F.3d at 730-31 (citation omitted) (applying the same five factors in a diversity action).

As discussed above, PwC did not have sufficient minimum contacts with New York to satisfy the Due Process Clause.  It did not take any purposeful actions that were directed at New York and that relate to this litigation.  The allegation of a few electronic or telephonic communications with New York is not enough, especially where there is no evidence that the communications were purposeful.  On the facts alleged in the complaint, PwC's activities related to this litigation took place in Malaysia and did not involve New York.  Even though PwC might have some connection to the larger PricewaterhouseCoopers network, which extends to New York, the larger global network is not the defendant and there are no allegations that it played any role in the liquidation of Alpha.

The five-factor test for the reasonableness of jurisdiction also disfavors allowing this suit to go forward. Given that PwC is a Malaysian corporation, it will be exceptionally burdensome to litigate here. New York's interest in this dispute is weak because none of the events giving rise to the lawsuit took place here and Viropro is not a New York corporation seeking the protection of its home state's laws. The plaintiff is a Nevada corporation with its principal place of business in California. The fourth and fifth factors are neutral because the dispute concerns conduct that occurred abroad. Therefore, the five factors on the whole counsel against exercising personal jurisdiction here.

## **Conclusion**

The defendants' November 13, 2015 motion to dismiss is granted. The Clerk of Court shall enter judgment for the defendants and close the case.

Dated:   New York, New York
         January 19, 2016

_____
DENISE COTE
United States District Judge